Nash, C. J.
 

 The action is brought on the official bond of Thomas Wilson, as sheriff of Yancy county. The defendants are sureties on the bond. The only .question submitted to us is, whether the defendants, as sureties, are answerable for the neglect of Wilson in not taking a bail bond from a defendant whom he had arrested under a writ issued at the instance of the present relator. The relator had issued a writ against Abner Holcomb and Henry S. Holcomb, returnable to the County Court of Yancy, tested the 23d of April, 1840, which was placed in the hands of Thomas Wilson, the sheriff, and was by him duly executed. No bail bond was taken. At January term, 1844, of said Court, a judgment was rendered against the defendants, the Holcombs, in favor of the plaintiff; on this judgment a
 
 ca. sa.
 
 issued against the defendants, which was returned “ not found.” A
 
 scire facias
 
 was then issued against the sheriff, Wilson, as special bail, and at Fall term,
 
 *379
 
 1848, a judgment was rendered against liim, and this action was commenced the 15th of December, 1851.
 

 Upon this state of facts, the defendants contended that they were not liable to the action. ITis Honor was of a different opinion, and so charged the jury. In this opinion we concur. It is the duty of a sheriff when he executes a writ, to take a bail bond from the defendant and return it with the writ to the proper court; if he does not, the law declares him to be special bail, and for this neglect, his sureties on. his bond are liable to the party inj ured. This principle is settled by the case, the. Governor,
 
 &c.
 
 v.
 
 Montford and
 
 others, 1 Ire. 155. That was an action of debt on the official bond of Brice Eonville, as sheriff of Onslow, against the defendants, his sureties. The sheriff had neglected to return an execution which had been duly placed in his hands, for which he was amerced at the instance of the plaintiff in the execution, and the action was against the sureties, to subject them to the payment of the amercement. In their opinion, the Court say, “ the bond of'a sheriff would not, in itself, oblige the sureties to answer amercements and fines on their principal, but the Act of 1829, chap. 33 Rev. St at., ch. 109 s. 15, makes them, by express enactment, liable for them
 
 as for other deficiencies
 
 m
 
 the official duty of the sheriffP
 
 Here it is seen, that it was the official duty of the sheriff, "Wilson, to have taken a bail bond which he omitted to do.
 

 Per CueiaM. There is no error in the judgment below and it is affirmed.